PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, brought this claim to recover the value of his personal bed sheets that he alleges were lost when he placed the sheets in the prison laundry. Mount Olive Correctional Complex is a facility of respondent in Fayette County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
Pursuant to Mount Olive Correctional Complex Operational Procedure Number 3.49, the facility is not responsible for personal property clothing items lost in the prison laundry. During claimant’s time of incarceration, this policy was in effect. Claimant purchased personal bed sheets on the 16th day of December, 1998. During the week of the 12lh of January, 2000, claimant had sent his property to the prison laundry. When it was returned to him, the bed sheets were missing. Claimant had made no effort to document his personal property clothing items, including his personal sheets, that were sent to the prison laundry on this particular occasion. The bed sheets had a value of $26.75.[1] Claimant immediately notified the on-duty supervisor and filed a grievance. Since then, the personal bed sheets have not been found.
The position of respondent is that it was not responsible for personal items lost in the laundry. According to Supervisor I Benton Petry, the facility’s policy was in place at the time of the incident and made known to the inmates. Any personal clothing may be stamped if an inmate so desires in order that ownership may be determined. Mr. Petry further stated that when a mix-up occurs in the laundry, efforts are made to determine ownership and to return the laundry items.
Respondent allows inmates to have personal property clothing items, even though it provides such items. On prior occasions, this Court has held that inmates assume the risk for personal property items that are sent to the prison laundry. Skaggs vs. Division of Corrections, 21 Ct. Cl. 181 (1997).
In the present claim, claimant chose to have personal bed sheets rather than those provided by the facility. He assumed the risk of loss when the sheets were sent to the prison laundry. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
*238 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to deny this claim.
Claim disallowed.

 On the 23rd day of October, 2000, claimant adduced a receipt from his trustee account that established the date of purchase and value of the sheets.